IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTUANE D. DANIEL, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:23-cv-618-MHT-JTA ) (WO) |
| ALABAMA CRIME VICTIMS COMPENSATION, | ) ) ) |
| Defendant. | ) ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is the Complaint (Doc. No. 1) filed by *pro se* Plaintiff Antuane D. Daniel, Sr., who is proceeding *in forma pauperis*. Also before the Court is Daniel's Motion for Leave to Proceed *In Forma Pauperis*. (Doc. No. 2.) For the reasons stated below, it is ORDERED that Daniel's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 2 ) is GRANTED. Further, as explained below, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that this action be dismissed without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii) for lack of jurisdiction and because the Alabama Crime Victim's Compensation Commission is immune from the relief sought.

**I.     STANDARD OF REVIEW**

When a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) requires a district court to dismiss the complaint of a

party proceeding *in forma pauperis* whenever the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The standard that governs a dismissal under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). In applying this standard, the complaint of a *pro se* plaintiff must be liberally construed. *Douglas*, 535 F.3d at 1320. Nevertheless, the factual allegations in the complaint must state a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se* complaint). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678. *See also Twombly*, 550 U.S. at 555 (holding that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

"[S]ection 1915[(e)(2)(b)(i)], unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure], 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *Dailey v. Correct X Pharmacy*, No. 4:22-cv-00139-CDL-MSH, 2022 WL 17730877, at *1 (M.D. Ga. Dec. 16, 2022) ("The Court may dismiss" as frivolous "claims that are based on 'indisputably meritless legal' theories and 'claims whose factual contentions are clearly baseless.'" (quoting *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008))). A claim is subject to dismissal as frivolous under § 1915(e)(2)(B)(1) if it "lacks an arguable basis either in law or in fact." *Miller*, 541 F.3d at 1100 (quoting *Neitzke*, 490 U.S. at 327); *Tucker v. Trump*, No. 1:17-cv-291-MW-GRJ, 2017 WL 8681936, at *1 (N.D. Fla. Dec. 11, 2017), *report and recommendation adopted*, No. 1:17CV291-MW/GRJ, 2018 WL 1542389 (N.D. Fla. Mar. 29, 2018). A complaint lacks a basis in law, for example, where the plaintiff "seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations, *res judicata*, collateral estoppel, or absolute immunity." *Tucker*, 2017 WL 8681936, at *1 (citing *Neitzke*, 490 U.S. at 327 and *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).

The term "frivolous" as used in § 1915(e)(2)(B)(i) "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them," such as when the claim is founded on "allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Further, in determining whether a complaint is frivolous and malicious, "a litigant's history of bringing unmeritorious litigation can be considered." *Bilal*, 251 F.3d at 1350. A complaint may be dismissed as frivolous and malicious under § 1915(e)(2)(B)(i) when the complaint is meritless abuse of judicial process. *Emrit v. Sec'y, United States Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (affirming dismissal of litigation as malicious where the plaintiff was justifiably found to be a vexatious litigant and the complaint an abuse of process because the plaintiff filed his complaint simultaneously in multiple districts across the country).

Before dismissal of the complaint pursuant to § 1915(e), "[a] plaintiff ordinarily should get one opportunity to amend his complaint before dismissal with prejudice." *Id.* at 477 (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)). However, if the complaint is frivolous or the amended complaint would otherwise be subject to dismissal, an opportunity to amend is not required. *Id.*; *see also Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180, 183 (11th Cir. 2019) ("The district court may dismiss a

4

plaintiff's claims *sua sponte*—without requiring or permitting the plaintiff to amend—if it concludes that the claims are frivolous." (citing *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (citing in turn § 1915(e)(2)(B)(i)))); *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a *pro se* litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile." (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007))).

Liberal construction is afforded to *pro se* pleadings because they are not drafted by lawyers. *See Erickson*, 551 U.S. at 94 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Hughes*, 350 F.3d at 1160 ("'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998))). However, the leniency afforded the construction of *pro se* pleadings is not license for the court "'to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading . . . to sustain a cause of action." *Nails v. AmeriCredit*, No. 2:10-cv-826, 2011 WL 310254, at *1 (M.D. Ala. Jan. 6, 2011), *report and recommendation adopted*, No. 2:10-cv-826-MHT, 2011 WL 304790 (M.D. Ala. Jan. 28, 2011) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Iqbal*, 556 U.S. 662).

5

"While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II. DISCUSSION

### A. Daniel's Motion for Leave to Proceed *In Forma Pauperis*

Daniel's Motion for Leave to Proceed In Forma Pauperis (Doc. No. 2) is sufficient to establish that he is entitled to proceed *in forma pauperis*. It is due to be granted.

### B. Daniel's Complaint in This Action

Daniel sues the Alabama Crime Victims Compensation Commission[1] for denial of compensation. The facts he alleges are as follows:

> I was shot Nov 26th 2021, Ala crime victims employee filed my claim over 2 months past the year [illegible]. But according to Alabama crime victims policy, In the case that the deadline is passed applicant must only submit written reason to the tardiness of application. Due to my medical condition staff member Joy Williams had to complete form. I was denied for no reason per criteria, rules, policies, and Alabama crime victims procedure.

(Doc. No. 1 at 1 (sic).) For relief, Daniels seeks "[a]n apology plus a letter of resignation from director Everett. of Ala crime victims compensation" and "[$]21,000,000." (*Id*. at 2 (sic).)

---

[1] In the caption of the Complaint, Defendant is named as "Alabama Crime Victims Compensation." However, there is no entity by that name, and the body of the Complaint makes clear that Daniels is challenging the decision of the Alabama Crime Victims Compensation Commission to deny his request for compensation.

This court does not have jurisdiction over appeals from the Alabama Crime Victims Compensation Commission. *See* Ala. Code 1975 § 15-23-1, *et seq.*, (Alabama Crime Victims Compensation Act); Ala. Code 1975 § 41-22-20 (concerning procedure for judicial review of state administrative rulings). To the extent that Daniels may be attempting to state an Equal Protection claim pursuant to 42 U.S.C. § 1983, the Alabama Crime Victims Compensation Commission "has immunity under the Eleventh Amendment." *Uriostegui v. Alabama Crime Victims Comp. Comm'n*, No. 2:10-CV-1265-PWG, 2010 WL 11613802, at *6 (N.D. Ala. Nov. 16, 2010), *report and recommendation adopted*, No. 2:10-CV-1265-LSC, 2011 WL 13285298 (N.D. Ala. Jan. 12, 2011). Accordingly, the Complaint is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii) for lack of jurisdiction and because the Alabama Crime Victims Compensation Commission is immune from the relief sought.

Further, Daniels should not be afforded an opportunity to amend because such opportunity is not necessary where, as here, dismissal is without prejudice and allowing the opportunity to amend would be futile. *Emrit*, 829 F. App'x at 477; *Nezbeda*, 789 F. App'x at 183; *Cornelius*, 585 F. App'x at 1000. Affording Daniels an opportunity to file an amended complaint against the Commission would be futile because jurisdiction is lacking and because the Commission is immune from the relief sought. Despite this Recommendation, if Daniels wishes to address the deficiencies in his Complaint, he is not without recourse prior to dismissal. He "will be permitted to file objections to the findings set forth in this Recommendation, and thus he is afforded the requisite opportunity to be

7

heard about the deficiencies of his [C]omplaint prior to any dismissal of the [C]omplaint." *Larkins v. Montgomery Cnty. Cir. Ct.*, No. 2:19-cv-281-MHT-WC, 2020 WL 2744116, at *6 n.3 (M.D. Ala. Apr. 21, 2020), *report and recommendation adopted*, No. 2:19-cv-281-MHT, 2020 WL 2739821 (M.D. Ala. May 26, 2020).

### III. CONCLUSION

Accordingly, it is

ORDERED that Daniel's Motion for Leave to Proceed In Forma Pauperis (Doc. No. 2 ) is GRANTED.

Further, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that this action be dismissed without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii) for lack of jurisdiction and because the Alabama Crime Victims Compensation Commission is immune from the relief sought.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **November 28, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 13th day of November, 2023.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE