IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTUANE D. DANIEL, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:23-cv-618-MHT-JTA |
| | ) (WO) |
| ALABAMA CRIME VICTIMS and DIR. | ) |
| EVERETTE, *Ala. Crime Victims* | ) |
| *Attorney*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

For the reasons stated below, the undersigned RECOMMENDS that this action be dismissed with prejudice for failure to prosecute and failure to comply with court orders.

**I.   STANDARD OF REVIEW**

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Consistent with this authority, and also pursuant to Rule 41(b)[1] of the Federal Rules of Civil Procedure, "the court may dismiss a plaintiff's action *sua sponte* for failure to prosecute or failure to comply with the Federal Rules of

---

[1] Though Rule 41(b) refers specifically to dismissal on a defendant's motion, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with a court order." *Rodriguez v. Lawson*, 848 F. App'x 412, 413 (11th Cir. 2021) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005)).

Civil Procedure or a court order." *Centurion Sys., LLC v. Bank of New York Melon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448071, at *1 (M.D. Fla. Aug. 12, 2021) (citing *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)), *report and recommendation adopted sub nom. Centurion Sys., LLC v. Bank of New York Mellon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448080 (M.D. Fla. Aug. 27, 2021). "Included within this inherent power is the authority to 'impose formal sanctions upon dilatory litigants.'" *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 989 (11th Cir. 2015) (quoting *Mingo v. Sugar Cane Growers Co–op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989)). "'The power to invoke this sanction [of dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourt.'" *Equity Lifestyle*, 556 F.3d at 1240 (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967));[2] *see also* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *Chambers*, 501 U.S. at 43 (holding that federal courts are vested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

Whether to dismiss a complaint under Rule 41(b) "is a matter committed to the district court's discretion." *Id*. at 1240 n.14 (citing *Gratton v. Great Am. Commc'ns*, 178

---

[2] *In Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

F.3d 1373, 1374 (11th Cir. 1999)). "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quoting *Jones*, 709 F.2d at 1458). Further, if a court finds a clear record of delay or contumacious conduct by the plaintiff, dismissal for failure to comply with court orders may be a dismissal with prejudice. *See McKinley v. F.D.I.C.*, 645 F. App'x 910, 911 n.3 (11th Cir. 2016) (citing *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)). "[S]uch dismissal [with prejudice] is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *McKelvey*, 789 F.2d at 1520.

## II.   PROCEDURAL HISTORY

Plaintiff filed this action on October 23, 2023, alleging that he was wrongfully denied benefits under Alabama's crime victims compensation scheme. (Doc. No. 1.) On November 13, 2023, the undersigned entered a Recommendation "that this action be dismissed without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii) for lack of jurisdiction and because the Alabama Crime Victims Compensation Commission is immune from the relief sought." (Doc. No. 6 at 8.)

On December 7, 2023, Plaintiff filed a document that the undersigned construed as an amended complaint. (Doc. No. 12.) In light of the filing of the amended complaint, On December 14, 2023, the undersigned entered an order withdrawing the November 13, 2023 Recommendation. (Doc. No. 15.)  The undersigned advised Plaintiff that "[t]he court will

3

evaluate the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and will enter further recommendations or orders as appropriate." (*Id*. at 1.)

On December 22, 2023, the Clerk of the Court placed notations on the docket sheet showing that the December 14, 2023 Order withdrawing the Recommendation and one other order were returned to the court as undeliverable. (*See* Docket Sheet, December 22, 2023 entries.) Therefore, on January 9, 2024, the undersigned entered an Order informing Plaintiff that "[t]his is [his] case, and it is [his] responsibility to maintain a correct mailing address on file with the court, comply with court orders and the Rules of Civil Procedure, and stay informed of the status of this case." (Doc. No. 16 at 1 (footnote omitted).) The court ordered Plaintiff to file a written notice of his current address not later than January 23, 2024, and further warned him that "[f]ailure to comply with an order will not be excused if the failure to comply is due to Plaintiff's own failure to timely file a notice of change of mailing address." (*Id*. at 1-2 (emphasis in original).) The court cautioned Plaintiff:

> ***Failure to comply with this Order may result in dismissal of this case for failure to prosecute and failure to comply with court orders.***

(*Id*. at 2. (emphasis in original).)

Plaintiff did not comply with the January 9, 2024 Order. Therefore, on February 12, 2024, the court entered an Order requiring Plaintiff to show cause, on or before March 4, 2024, why the case should not be dismissed for his failure to comply. (Doc. No. 19 at 3-4.) In addition, the court granted a motion for leave to amend that Plaintiff had filed and

4

ordered him to file an amended complaint on or before March 4, 2024. (*Id*. at 3-8.) In light of Plaintiff's *pro se* status and the court's obligation to ensure that the case does not proceed on a shotgun complaint, the court provided instructions for filing the amended complaint in compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure. (*Id*.) The court warned Plaintiff:

> ***Plaintiff is advised that failure to file a Second Amended Complaint in compliance with the requirements of this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the court's orders. Plaintiff is further advised that the Second Amended Complaint will be screened prior to service in accordance with 28 U.S.C. § 1915(e)(2)(B).***

(*Id*. at 8 (emphasis in original).)

Plaintiff did not comply with the February 12, 2024 Order.

On March 28, 2024, Plaintiff filed a notice that he was unable to prosecute his case because he was allegedly "being bullied by the Defendants of [his] cases" and attempts had been made on his life. (Doc. No. 20.) Accordingly, on April 3, 2024, the court entered an order setting a status conference for April 23, 2024. (Doc. No. 21.) Plaintiff appeared at the status conference. At the status conference, the court explained to Plaintiff his obligation to prosecute any cases he filed,[3] to keep the court informed of his current address, and to comply with court orders. Plaintiff informed the court that his mailing address had not changed, but that his mail was not being delivered by the postal service.

---

[3] Plaintiff has filed multiple cases in this court.

5

Upon questioning by the court, Plaintiff acknowledged that he was able to receive mail at his mother's residence. The court provided Plaintiff hard copies of the February 12, 2024 Order[4] to amend the complaint (Doc. No. 19) and the court's *pro se* complaint form. The court informed him that he would be given an extension of time until May 7, 2024 to file an amended complaint. The court orally directed him to provide his mother's mailing address, in writing, to the Clerk of the Court, for use as an alternate mailing address.

Following the status conference, on April 24, 2024, the court entered a written Order requiring that, on or before May 7, 2024, Plaintiff was to "provide the Clerk of the Court with written notice of his mother's mailing address for use as a second address at which he can receive mail from this court." (Doc. No. 23 at 2.) The court also ordered Plaintiff to file, on or before May 7, 2024, "an amended complaint that complies with the instructions in the Court's February 14, 2024 Order." (*Id*. at 1.) The court further stated:

> As the court advised Plaintiff on the record at the status conference, **this is his last opportunity to amend; failure to timely file an amended complaint in accordance with the court's orders will result in a recommendation of dismissal for failure to prosecute and failure to comply with the court's orders.**

(*Id*. at 1-2 (emphasis in original).)

Plaintiff did not comply with the April 24, 2024 Order.

---

[4] The February 12, 2024 Order has not been returned to the court as undeliverable.

###     III.     DISCUSSION

This court is obliged to manage its docket to ensure the just, speedy, and efficient resolution of the cases before it. *See Dietz v. Bouldin*, 579 U.S. 40, 45, 47 (2016) (invoking "Rule 1 [of the Federal Rules of Civil Procedure]'s paramount command: the just, speedy, and inexpensive resolution of disputes" and the federal courts' inherent powers "to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (holding that federal courts are vested with inherent powers that are "'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'" (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)). In accordance with these responsibilities, the court will not allow cases to sit dormant on its docket for no apparent reason. This is Plaintiff's case, and he was informed that it is his responsibility to prosecute it if he wishes to pursue it. *See Sullivan v. Prattville Health & Rehab., LLC*, No. 3:22-CV-702-RAH-JTA, 2024 WL 2755683, at *6 (M.D. Ala. May 29, 2024) (recommendation of the magistrate judge) ("[A] *pro se* party must take responsibility for the obligations to which he committed when he filed the case and complete his required filings by the applicable deadlines."). Plaintiff has been advised that, even as a *pro se* litigant, he must comply with this court's orders, the court's local rules, and the Federal Rules of Civil Procedure, just as any other litigant must do, or face dismissal of his case. *Municipality of Dothan v. Hammond*, No. 1:24-CV-289-ECM-JTA, 2024 WL 2378870, at *1 n.1 (M.D. Ala. May 22, 2024) ("[T]hough he is *pro se*, [a litigant]

is required to comply with court orders and the Federal Rules of Civil Procedure." (citing *Maus v. Ennis*, 513 F. App'x 872, 878 (11th Cir. 2013))).

Despite multiple warnings and opportunities to comply, Plaintiff has simply failed to file an amended complaint or to comply with the court's orders. In other words, methods short of sanctions have failed to produce a pleading upon which this case can proceed, or to ensure that Plaintiff will prosecute this case in accordance with his responsibilities as a litigant and this court's orders.

Plaintiff is proceeding *in forma pauperis* and is unlikely to be able to pay a monetary sanction. Even if he could afford such a sanction, his clear record of delay demonstrates that efforts to enforce any order to pay monetary sanctions will likely meet with more nonresponsive recalcitrance, resulting in a pointless expenditure of the court's scarce judicial resources. At this point, dismissal is the only plausible next step. Moreover, mere dismissal without prejudice would be no sanction at all; rather, it would operate as an opportunity for Plaintiff to escape any consequence for failing to comply with the court's orders by allowing him to refile his complaint in a new action.

In sum, this case is due to be dismissed with prejudice[5] because lesser sanctions would not suffice. *Cf., e.g., Daker v. Owens*, No. 22-12830, 2024 WL 2796400, at *8 (11th Cir. May 31, 2024) (holding that "the district court did not abuse its discretion in dismissing the case with prejudice" for failure to comply with a court order where the

---

[5] Because Plaintiff is entitled to object to this Recommendation, he will have an opportunity to explain to the District Judge any reason why he feels that his conduct does not merit dismissal with prejudice.

failure to comply was part of a pattern of recalcitrance and where the district court found that lesser sanctions would not suffice); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (affirming a dismissal of a *pro se* litigant's case for failure to comply with court orders and stating that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion"); *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00156-WKW-GMB, Docs. No 25, 26 (April 3, 2017 M.D. Ala.) (dismissing a *pro se* complaint upon adoption of the magistrate judge's recommendation in which the magistrate judge found that the plaintiff's "case [was] an archetypal failure to prosecute and failure to abide by orders of the court" to file an amended complaint and "[d]espite being given ample opportunity to prosecute his case, [the plaintiff] ha[d] developed a record of willfully violating orders of the court that have repeatedly warned him of the consequences of his failure to comply" (Case No. 2:16-cv-00156-WKW-GMB, Doc. No. 24 at 4-5)).

## IV.   CONCLUSION

Accordingly, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that this action be dismissed with prejudice prior to service of process for failure to prosecute and failure to comply with the court's orders.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **July 18, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 3rd day of July, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE